UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DUANE MCKINNEY, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Miscellaneous No. _____ <br> Related Case: <br> Criminal No: 07-113-01 (RBW) <br> Judge Reggie B. Walton |

### THE ESTATE OF ELWOOD MARKS, JR.'S MOTION TO MODIFY THE HONORABLE REGGIE B. WALTON'S JULY 12, 2007 ORDER

The Estate of Elwood Marks, Jr., through Tiffani Marks, Personal Representative (hereinafter "the Estate"), by and through undersigned counsel and pursuant to local rule 57.6, hereby moves to modify the July 12, 2007 Order (hereinafter "July 12 Order") directing that Defendant Duane McKinney have "no involvement in any matter" relating to Square 5341, Lot 0012, also known as 4968-4972 Benning Road S.E., Washington, D.C. 20019 (hereinafter "the Benning Road Property").

We petition the court to modify the July 12 Order to allow the pending litigation involving the Benning Road Property in the Probate Division and the Civil Division of the Superior Court of the District of Columbia to proceed. We seek no further modification of the Order. A failure to grant such relief will cause the Estate to suffer severe financial hardship.

## STATEMENT OF INTEREST

The interest of the Estate derives from its ownership of the Benning Road Property referenced in the July 12 Order.

The Estate is also a party to the following litigation with Defendant Duane McKinney pending in the Superior Court of the District of Columbia:

1) *Duane McKinney, et al., v. The Estate of Elwood Marks, Jr. Tiffani Marks, Personal Representative, et al.* (Foreign Estate No. 2004-FEP-00100) ("hereinafter "the Probate Action"), pending before the Probate Division and presently in the discovery stage with a pretrial conference set for October 31, 2007; and

2) *Mooring Tax Asset Group v. Tiffani Marks, as the Personal Representative of the Estate of Elwood J. Marks, Jr.; Tiffani Marks, as the Personal Representative of the Estate of Elwood J. Marks, Jr. v. Duane McKinney, et al.* (Civil Action No. 03-5830 and No. 06-2938 respectively, later consolidated) (hereinafter "the Civil Action"), stayed by the Civil Division on October 17, 2006 pending the resolution of the Probate Action.

## STATEMENT OF FACTS

Defendant Duane McKinney recorded a deed on February 14, 2005, claiming good and perfect title in fee simple to the Benning Road Property. On February 26, 2005, the Mooring Tax Asset Group filed a complaint against the Estate of Elwood J. Marks, Jr. to foreclose the right of redemption to the Benning Road Property. On April 18, 2005, the Mooring Tax Asset Group filed an amended complaint adding Defendant Duane McKinney as a co-defendant. Two months later, on August 12, 2005, Mr. McKinney disclaimed any interest to the Benning

Road Property, despite his earlier claim and recordation of a deed to the Benning Road Property. On October 17, 2006, the Civil Division of the Superior Court of the District of Columbia ordered that "the forged deed recorded by Duane McKinney on February 14, 2005 as Instrument Number 2005021293 is hereby declared void *ab initio* and of no force and effect" and that "good and perfect title in fee simple to the [Benning Road Property] is hereby declared to be vested in Tiffani Marks in her capacity as personal representative of the Estate of Elwood J. Marks, Jr." (*See* Oct. 17, 2006 Order attached as Exhibit A herein.)

Mr. McKinney instigated the litigation before the Probate Division of the Superior Court of the District of Columbia on October 20, 2005, when he filed a claim in the Probate Division against the Estate for over $20,000 in property taxes Mr. McKinney allegedly paid that were due for the Benning Road Property. On April 14, 2006, after learning of Mr. McKinney's fraudulent claim that he was the owner of the Benning Road Property, the Estate initiated an action to quiet title to the Benning Road Property in the Civil Division of the Superior Court of the District of Columbia. On October 9, 2006, Mr. McKinney filed an Answer in the action to quiet title and counterclaimed essentially reiterating the claim previously filed in the Probate Division. On October 17, 2006, the Honorable Joan Zeldon issued an Order staying the Civil Action "while the Probate Division adjudicates [Mr. McKinney's] claim against the Estate for the same money Mr. McKinney seeks before [the Civil Division] in the quiet title case." (*See* Oct. 17, 2006 Order attached as exhibit A herein.)

Pursuant to the October 17, 2006 Order, the Estate on November 2, 2006 denied Defendant McKinney's claim in the Probate Division. On December 28, 2006, Defendant McKinney filed a second complaint in the Probate Division against the Estate for "unjust enrichment" arising from Mr. McKinney's alleged payment of property taxes assessed against

3

the Benning Road Property.[1] On January 12, 2007, the Estate filed an Answer in the Probate Division and counterclaimed against Mr. McKinney for costs and expenses incurred as a result of Mr. McKinney's attempt to fraudulently transfer the Benning Road Property by way of a forged deed.

On June 20, 2007, the Probate Division issued a Scheduling Order setting the close of discovery for September 1, 2007 and scheduling a Pretrial Conference for October 31, 2007. On July 9, pursuant to the June 20 Scheduling Order, the Estate served Mr. McKinney with a First Request for Production of Documents and a Notice of Deposition scheduled for Wednesday, August 15, 2007. In addition, the Estate served Joe D. Liles, Sr. with a Notice of Deposition scheduled for Wednesday August 22, 2007.

On July 19, 2007, Ronald Schwartz, the attorney representing Mr. McKinney in the Probate Action and in the Civil Action, notified counsel for the Estate that this Court's July 12 Order directed that Mr. McKinney shall have "no involvement in any matter" relating to certain enumerated properties, including the Benning Road Property. The Order prohibits Mr. McKinney from pursuing affirmative legal actions regarding the Benning Road Property, but grants an exception allowing Mr. McKinney to "defend lawsuits brought against him or The Brotherhood of Men, Inc. relating to actions to quiet title." On July 20, 2007, Mr. McKinney submitted a Motion to Stay Proceedings in the Probate Action. On July 30, 2007, counsel for the Estate filed an Opposition to Mr. McKinney's Motion to Stay Proceedings and requested that the Probate Court delay or postpone ruling on Mr. McKinney's Motion until the Estate submitted the instant Motion to Modify the July 12 Order and this Court ruled on the Motion.

---

[1] On May 18, 2007, Defendant McKinney filed an Amended Complaint in the Probate Action adding the District of Columbia as a Co-Defendant.

## **ARGUMENT**

The Estate respectfully requests that this Court modify its July 12 Order to allow the pending matters regarding the Benning Road Property to proceed in the Probate Action and in the Civil Action. This Court's Order explicitly states that Mr. McKinney may "defend lawsuits brought against him or his non-profit company relating to actions to quiet title." The Estate filed an action to quiet title to the Benning Road Property in April of 2006. However, the Civil Action was stayed by Judge Zeldon in the Civil Division in October of 2006 pending the resolution of the Probate Action. The Estate is presently unable to proceed with the Civil Action until the Probate Action has been fully litigated.

The Estate will suffer severe financial hardship if it is unable to proceed with the pending litigation involving Mr. McKinney before the Probate Division.[2] As previously mentioned, the Judge's Stay of the Civil Action precludes the parties from prosecuting the Civil Action until the pending Probate Action has been resolved. Several outstanding mortgages encumbering the Benning Road Property continue to accrue interest and adversely affect the value and marketability of the Benning Road Property. The Estate cannot negotiate or settle the mortgages on the Benning Road Property, all of which are in default, until the pending Probate Action is adjudicated. If this Court's order is not modified, the Estate will be subjected to these additional costs and expenses while the criminal case against Mr. McKinney is

---

[2]   To the extent that the Court is concerned that Mr. McKinney may recover a monetary award in the Probate Action or the Civil Action, the Estate's Proposed Order prohibits the disbursement of any payment to Mr. McKinney except pursuant to further order from this Court.

prosecuted. Such a result is unwarranted, as the Estate should not be subjected to the additional cost and delays on account of Mr. McKinney's actions.[3]

On October 17, 2006, the Civil Division ordered that "the forged deed recorded by Duane McKinney on February 14, 2005 as Instrument Number 2005021293 is hereby declared void *ab initio* and of no force and effect" and that "good and perfect title in fee simple to the [Benning Road Property] is hereby declared to be vested in Tiffani Marks in her capacity as personal representative of the Estate of Elwood J. Marks, Jr." (*See* Oct. 17, 2006 Order attached as Exhibit A herein.) Despite the Order's explicit declaration that the Estate owns "perfect title in fee simple" to the Benning Road Property, the Estate has been unable to exercise any of the rights associated with title ownership. Mr. McKinney is the culprit, as the pending litigation involving the Benning Road Property was instigated by Mr. McKinney in 2005 after he fraudulently recorded a deed to the Benning Road Property. The Estate should not bear the further cost of a stay on the pending litigation involving the Benning Road Property.

## **PRAYER FOR RELIEF**

For these reasons, the Estate respectfully requests that this Court modify its July 12 Order as follows: 1) to allow the litigation of *Duane McKinney, et al., v. The Estate of Elwood Marks, Jr. Tiffani Marks, Personal Representative, et al.* (Foreign Estate No. 2004-FEP-00100), and *Mooring Tax Asset Group v. Tiffani Marks, as the Personal Representative of the*

---

[3] The Estate has to date already undertaken considerable costs and expenses to quiet title to the Benning Road Property (after Mr. McKinney forged a deed and recorded it). The costs and expenses incurred have included numerous court and copying fees, the cost of placing notices and newspapers when Mr. McKinney refused to respond to service of process, a fee to record the court order declaring the forged deed a nullity, in addition to the costs associated with the unresolved liens and encumbrances on the property.

*Estate of Elwood J. Marks, Jr., and Duane McKinney et al.* to proceed to conclusion; and 2) to order that in the event Mr. McKinney, in any action relating to the Benning Road Property, recovers any past payment, such payment shall be disbursed or distributed only pursuant to further order from this Court.

Respectfully submitted,

_____
John T. Boese (D.C. Bar No. 164145)
Daniel M. Singer (D.C. Bar No. 32623)
David J. Pérez (Admitted to D.C. Pro Hac Vice)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004-2505
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Email: John.Boese@FriedFrank.com

*Counsel for the Estate of Elwood Marks, Jr., Tiffani Marks, Personal Representative*

Date mailed: August 10, 2007

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No: 07-113-01 (RBW) |
| v. ) | |
| ) | |
| DUANE MCKINNEY, ) | |
| ) | |
| Defendant. ) | Judge Reggie B. Walton |
| ) | |

## ORDER

Upon consideration of the motion by the Estate of Elwood Marks, Jr. to Modify the July 12 Order, and for good cause shown:

IT IS HEREBY ORDERED THAT the Order of July 12 be and hereby is modified to allow the following litigation to proceed to conclusion: 1) *Duane McKinney, et al., v. The Estate of Elwood Marks, Jr. Tiffani Marks, Personal Representative, et al.* (Foreign Estate No. 2004-FEP-00100); 2) *Mooring Tax Asset Group v. Tiffani Marks, as the Personal Representative of the Estate of Elwood Marks, Jr., and Duane McKinney et al.* (Civil Action No. 03-5830 and No. 06-2938).

IT IS FURTHER ORDERED that in the event Mr. McKinney, in any action relating to the Benning Road Property, recovers any past payment, such payment shall be disbursed or distributed only pursuant to further order from this Court.

SO ORDERED.

By: _____
REGGIE B. WALTON
United States District Judge

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Mooring Tax Asset Group, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 03-ca-5830 (RP) |
| | ) | Judge Joan Zeldon |
| Tiffani Marks, as the Personal Representative of the Estate of Elwood J. Marks, Jr., | ) ) ) ) | |
| and | ) ) | *Consolidated with:* |
| Tiffani Marks, as the Personal Representative of the Estate of Elwood J. Marks, Jr., | ) ) ) ) | |
| v. | ) ) | 06-ca-2938 (RP) |
| | ) | Judge Joan Zeldon |
| Duane McKinney, et al., | ) ) | |
| Defendants. | ) | |

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF TIFFANI MARKS AND STAYING BOTH CASES, INCLUDING THE COUNTERCLAIM IN CIVIL ACTION NO. 06-2938, PENDING THE RESOLUTION OF CLAIM BEFORE THE PROBATE DIVISION

The parties[1] appeared before the Court this morning, Friday, October 13, 2006, and all agreed that the Court would enter summary judgment in favor of Tiffani Marks, as the Personal Representative of the Estate of Elwood Marks, Jr., in Civil Action No. 06-2938, quieting title to the property located at Square 5341, Lot 0012, also known as 4968-4972 Benning Road, S.E., Washington, D.C. 20019, which is the subject property of both cases.

---

[1] The parties present were: Tiffani Marks, Personal Representative of the Estate of Elwood J. Marks, Jr., represented by Piper Hendricks, Esq.; I.M.P., Inc., represented by Cameron Jacobs, Esq.; Mooring Tax Asset Group, LLC, represented by Matthew O'Connell, Esq., standing in for William Waller, Esq.; the District of Columbia, represented by Richard Amato, Esq., standing in for Joseph Ferguson, Esq.; and Duane McKinney, represented by Ron Schwartz, Esq.



The deed to the above-mentioned property recorded by Duane McKinney with the D.C. Recorder of Deeds as Instrument Number 2005021293 is null and void *ab initio*. Elwood J. Marks, Jr. was deceased at the time he is alleged to have executed a deed in favor of Duane McKinney on February 10, 2005.

The Court takes judicial notice of the proceedings already before the Probate Division of the Court concerning the Estate of Elwood J. Marks, Jr., and specifically the claim made by The Brotherhood of Men, Inc., Duane McKinney's corporate entity, against the Estate for $20,512.25 "for real property taxes paid by creditor on decedent's property located at 4968-4972 Benning Road, S.E., Washington, D.C. 20019," which is the subject property of these two cases. (A written copy of that creditor's claim is attached.) This Court will stay the tax lien and quiet title cases while the Probate Division adjudicates that creditor's claim against the Estate for the same money Mr. McKinney seeks before this Court in the quiet title case.

Wherefore, it is this 17th day of October 2006, hereby

**ORDERED**, that Summary Judgment is entered against Duane McKinney and in favor of Tiffani Marks in Civil Action No. 06-2938; and it is further

**ORDERED**, that good and perfect title in fee simple to the property described as Square 5341, Lot 0012, also known as, 4968-4972 Benning Road, S.E., Washington, D.C. is hereby declared to be vested in Tiffani Marks in her capacity as personal representative of the Estate of Elwood J. Marks, Jr.; and it is further

**ORDERED**, that the forged deed recorded by Duane McKinney on February 14, 2005 as Instrument Number 2005021293 is hereby declared void *ab initio* and of no force and effect; and it is further

2

**ORDERED**, that title in the name of Tiffani Marks in her capacity as the Personal Representative of the Estate of Elwood J. Marks, Jr. is hereby declared to be good of record and in fact, subject only to such liens, encumbrances, and other interests as may be established in other proceedings outside the Action to Quiet Title, Civil Action No. 06-2938; and it is further

**ORDERED**, that Civil Action Nos. 03-5830 and 06-2938, including the Counterclaim in Civil Action No. 06-2938, are hereby stayed because The Brotherhood of Men, Inc., Mr. McKinney's corporate entity, through Charles Ray, Esq., Mr. McKinney's previous lawyer in these cases, filed a claim for $20,512.25 in the Probate Estate of Elwood J. Marks, Jr., 2004-FEP-000100 (copy attached); and, therefore, the Probate Court is the proper forum for resolution of the claim against the Estate for monies Duane McKinney or The Brotherhood of Men, Inc. paid the District of Columbia in connection with the subject property; and it is further

**ORDERED**, that the status for these cases previously set for November 16, 2006 is cancelled, and these cases are set for a new status on April 13, 2007 before the Presiding Judge.

_____
Judge Joan Zeldon
Presiding Judge, Civil Division
(Signed in Chambers)

Enclosure

Copies to:

Judge Jose M. Lopez
Chambers 3410

MAILED From Chambers   OCT 1 7 2006

DOCKETED In Chambers   OCT 1 7 2006

Carmen Jacobs, Esq.
601 King St. #400
Alexandria, VA 22314

William W. Waller, Esq.
8614 Westwood Center Drive
Suite 650
Vienna, VA 22182

John T. Boese, Esq.
Piper Hendricks, Esq.
Fried, Frank, Harris, Shriver, & Jacobsen LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004

Duane McKinney
266 Harry Truman Drive
Upper Marlboro, MD 20774-2021

Ronald L. Schwartz, Esq.
4907 Niagra Road
Suite 103
College Park, MD 20740

Sanford Z. Berman
7515 Annapolis Road Ste. 206
New Carrollton, MD 20784

Richard A. Finci
7515 Annapolis Road Ste. 206
New Carrollton, MD 20784

Gloria D. Garcia
7608 Lanham Lane
Fort Washington, MD 20744

Richard Guber
(Address Unknown)

Federal Capitol Funding Corp.
(Address Unknown)

4

TMS Mortgage, Inc.
Bank of New York
4111 S. Darlington
Suite 800
Tulsa, OK 74135

Joseph F. Ferguson, Jr., Esq.
Assistant Attorney General, D.C.
441 4th Street, N.W.
Washington, DC 20001

FILING FEE PAID     DOCKETED

# Superior Court of the District of Columbia

## PROBATE DIVISION

OCT 20 2005

CLAIM AGAINST DECEDENT'S ESTATE

Register Of Wills
Clerk of the Probate Division

CR
10/20/05

The creditor named below certifies that there is owing by _Estate of Elwood J. Marks, Jr._ deceased, Admin. No. _2004 FEP 000100_, in accordance with the statement of account attached hereto as a part hereof, the sum of _Twenty Thousand Five hundred twelve dollar and twenty-five cents_ ($ _20,512.25_ ), together with interest at the rate of _12%_ from _February 15, 2005_ until paid, and that the aforesaid account is correct as stated and is unpaid. * _Claim is for real property taxes paid by creditor on decedent's property located at 4968-4972 Benning Road, SE Washington, D.C. 20019._

On behalf of the creditor named below, I do solemnly declare and affirm under penalty of law that the contents of the foregoing document are true and correct to the best of my knowledge and belief.

Decedent died on _April 24, 2003_ (date of death) and was a resident of _State of Maryland_.

Name of Creditor: (Please print) _The Brotherhood of Men, Inc._
Address: _266 Harry Truman Drive Upper Marlboro, MD 20772_

Signature of Creditor or person authorized to make verification on behalf of creditor
_Charles A. Ray, Jr. (419973) DC Bar_
_Attorney for Creditor_
_1625 K Street, NW_
_Suite 400_
_Washington, D.C. 20006_
_202 824 8123_

## INSTRUCTIONS

* In addition to completing all pertinent blank spaces on the form, the claimant shall use these lines to state:
  1. The due date if the claim is not yet due;
  2. The nature of the contingency, if the claim is contingent;
  3. The description of the security, if the claim is secured;
  4. Nature of claim.

All claims presented to the Register of Wills must be accompanied by check or money order in the amount of $5.00, payable to the Register of Wills, D.C.

I hereby certify that I have delivered or mailed, return receipt requested, a copy hereof to _Tiffani Marks_ _____ (personal representative or attorney) this _20th_ day of _October_, _2005_.

_Charles A. Ray_
Claimant
_Attorney for Claimant_

FOR REGISTER OF WILLS USE ONLY

Date Filed:

Claims Docket Book:    Page:

By _____
Deputy Register of Wills

Form PD (25)-1200/ Jun 96     96-1135

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2007, I caused a copy of the foregoing The Estate of Elwood J. Marks, Jr.'s Motion to Modify the Honorable Reggie B. Walton's July 12, 2007 Order to be served by first class mail, postage prepaid, upon:

Duane McKinney
266 Harry Truman Drive
Largo, MD 20774

Ronald Schwartz, Esquire
4907 Niagara Road, Suite 103
College Park, MD 20740

Carmen Jacobs, Esquire (IMP Inc.)
601 King Street, Suite 400
Alexandria, VA 22314-3105

William Waller, Esquire (Mooring Tax Asset Group, LLC)
8614 Westwood Center Drive, Suite 650
Vienna, VA 22182

Joseph Ferguson, Jr., Esquire
Assistant Attorney General
441 4th Street, NW
Washington, DC 20001

Gloria Garcia
1329 Northgate Square
Reston, VA 20190

Gary M. Sidell
1776 K. Street, NW
Suite 800
Washington, DC 20006

Virginia Cheatham
U.S. Attorney's Office
555 Fourth Street, NW
Room 5227
Washington, DC 20530

Rudolph Acree
1211 Connecticut Avenue, NW
Suite 303
Washington, DC 20036

*Brendan C. McNamara*
Brendan C. McNamara